CHARLES GRIMM, as Administrator, etc., of FRIEDA GRIMM, Deceased, Respondent, v. ALEXANDER MAUROCORDATO, Appellant.

First Department, April 30, 1920.

Workmen's Compensation Law — negligence — election of remedies against uninsured employer — action at common law — defenses — contributory negligence and assumption of risk — when decedent not guilty of contributory negligence as matter of law — burden of proof — notice to agent of defective appliances — damages — charge.

An injured employee of an uninsured employer has an election to ask for an award under the Workmen's Compensation Law or to sue independently upon his common-law right, but if he elect to proceed on his common-law right he must both plead and prove that his employer was not insured.

If he does sue neither assumption of risk nor contributory negligence can be interposed as a defense to the action.

It cannot be held as a matter of law that the decedent was guilty of contributory negligence where it appears that she was acting as janitress in an apartment house, that it was one of her duties to remove the garbage which was sent down on the dumbwaiter elevator, that she walked into the well of the elevator and called for it to be sent down, and that while she was there it fell and caused the injuries which resulted in her death, for if the elevator had been properly equipped it would not have fallen and she had the right to assume that it was so equipped.

The burden of proof as to contributory negligence in a death case is on the defendant.

The notice given to the defendant's brother-in-law, who was in charge of the building, of the defect in the elevator was sufficient to carry the case to the jury on the question of the defendant's negligence.

It was error for the court to charge on the question of damages that if the jury find for the plaintiff on the question of liability " then  *  *  * get down to the evidence and determine how much the life of this woman was worth to her husband and her child," for the defendant's liability under the statute is a liability only for the pecuniary loss to the person or persons for whose benefit the action is brought resulting from the death caused by the defendant's negligence.

APPEAL by the defendant, Alexander Maurocordato, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Bronx on the 23d day of September, 1919, upon the verdict of a jury for $11,500, and also from an order entered in said clerk's office

on the 22d day of September, 1919, denying defendant's motion for a new trial made upon the minutes.

*George B. Hayes,* for the appellant.

*Max Shlivek* of counsel [*Samuel H. Wandell* with him on the brief], for the respondent.

SMITH, J.:

Frieda Grimm was a janitress of a building owned by the defendant and part of her duty involved the use of the dumb-waiter and the taking of garbage out of the building which was sent down to the basement by the dumbwaiter. While she was in the basement she called up to one of the tenants to send down the garbage by the dumbwaiter that she might take it out. The elevator was not at once sent down. There was an open space from the basement under the elevator into which she walked through the open door. She walked under the elevator and called up again, and while she was under, the elevator fell and struck her upon the head and back and caused the injuries from which she afterwards died.

Plaintiff pleaded in his complaint that the defendant had not provided insurance under the Workmen's Compensation Law, and proved it on the trial. Under the law this gives him the right of an election whether to ask a judgment under the Workmen's Compensation Law before the Workmen's Compensation Bureau of the State Industrial Commission, or whether to sue independently upon his common-law right. (Workmen's Compensation Law, §§ 11, 52, as amd. by Laws of 1916, chap. 622.) If he sue, however, it is no defense, either that she had assumed the risk or that she was guilty of contributory negligence. This is so provided by the statute itself.

The main defense of the defendant is to the effect that she was guilty, as matter of law, of contributory negligence by going under the elevator so that it might fall down upon her. Of course if this comes within the provision of the law cited, then contributory negligence is no defense to the action. If it does not come within that law I am satisfied that it cannot be held as matter of law that she was guilty of contributory negligence. If this elevator had been properly

equipped it would not have fallen and she had a right to assume that it was properly equipped. The burden of proof to show contributory negligence in a death case is now on defendant. (Code Civ. Proc. § 841b, as added by Laws of 1913, chap. 228.)

The building was in charge of the brother-in-law of the defendant. For from one to two months before the accident the rope attaching the weight to the elevator was in a defective condition and was frayed and weak, and this matter was called expressly to the attention of Schussler, defendant's brother-in-law. He promised to repair it and it is claimed that afterwards he did repair it, not by supplying a new rope, but simply by winding some tape around the rope where it was thus frayed. This was the place, apparently, where the rope broke causing the accident. This notice is clearly sufficient to warn the defendant through his agent of the imperfection and to carry the case to the jury upon the question of the defendant's negligence.

A more serious question, however, is presented by the charge of the court upon the question of damages. Upon this question the court charged: " The law simply undertakes to compensate survivors for the actual money value of the life lost; and that applies in this case. You are to take hold of it as you would a business proposition. In case you find in favor of the plaintiff, if you find that the defendant is liable in this case, then just eliminate all feeling of sympathy from your minds and get down to the evidence and determine how much the life of this woman was worth to her husband and her child." The court further charged: " She left surviving her this husband and a little child, a girl, and they are entitled to compensation at your hands, provided you find for the plaintiff on the question of liability, to such a sum as will reasonably compensate them for the loss of the life of the wife and mother." After the charge the defendant's counsel excepted " to that part of your Honor's charge in which you say substantially she left surviving a husband and little child, the girl, and they are entitled to compensation as will reasonably compensate them for the loss of wife and mother. The Court: Of course, that means as the beneficiary of her estate."

The charge of the court as we read it gave to the plaintiff

an improper measure of damage. No money can actually compensate a husband and child for the loss of a wife and mother. The defendant's liability under the statute is a liability only for the pecuniary loss to the person or persons for whose benefit the action is brought resulting from the death caused by the defendant's negligence. (Code Civ. Proc. § 1904.) This is a measure of damage very different from compensation to the husband and child for the loss of life for which the defendant was responsible. The jury was, therefore, not properly instructed as to the proper measure of damage which they might consider in determining the defendant's liability.

For this error in the charge, therefore, this judgment and order must be reversed and a new trial granted, with costs to the appellant to abide the event.

CLARKE, P. J., DOWLING, PAGE and GREENBAUM, JJ., concur.

Judgment and order reversed and a new trial ordered, with costs to appellant to abide the event.